IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| GEORGE ALVIN JONES, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | 2:13-CV-0022 |
| § | |
| WILLIAM STEPHENS, Director, § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
| § | |
| Respondent. § | |

# REPORT AND RECOMMENDATION TO DENY
# PETITION FOR A WRIT OF HABEAS CORPUS

Petitioner has filed with this Court a Petition for a Writ of Habeas Corpus by a Person in State Custody challenging two (2) state prison disciplinary proceedings. Petitioner is no longer confined in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID).[1] The undersigned United States Magistrate Judge is of the opinion petitioner's application for federal habeas corpus relief should be DENIED.

I.
BACKGROUND

The two (2) cases petitioner challenges were adjudicated at the Jordan Unit in Gray County, Texas.

Case No. 20120316159: On July 23, 2012, petitioner was notified he was being charged with

---

[1] Upon inquiry, TDCJ-CID advised the Court that petitioner discharged his 10-year holding sentence on January 22, 2016.

HAB54\DISCIP\R&R\JONES-22:2

the prison disciplinary offense of threatening to inflict harm on a prison officer. On August 3, 2012, petitioner was found guilty of the charged offense. Punishment assessed included the forfeiture of thirty (30) days previously accrued good time. Petitioner initiated a challenge to this disciplinary proceeding through the prison grievance system. (Additional history of the disciplinary proceeding, including grievance history, is set forth in respondent's Answer [8] at 4-5). On September 15, 2012, petitioner was notified that a request had been sent to have this disciplinary case dismissed and removed from petitioner's record. Petitioner was advised, however, that the Unit reserved the right to refile and rehear the disciplinary case.

<u>Case No. 20130018733</u>: On September 19, 2012, petitioner was notified he was being charged with the prison disciplinary offense of threatening to inflict harm on a prison officer (based on the same circumstances which were the basis of the prior disciplinary case). On September 24, 2012, petitioner was found guilty of the charged offense. Punishment assessed included the loss of thirty (30) days previously accrued good time (the same punishment previously assessed).

Petitioner unsuccessfully challenged this disciplinary proceeding through the prison grievance system. On November 9, 2012, relief was denied at Step 1 with the following response:

> Major disciplinary case #20130018733 has been reviewed. All due process and procedural requirements were met. The case was fair and consistent with the charge. The guilty verdict was supported by [a] preponderance of the evidence. The punishments assessed by the disciplinary hearing officer were within agency guidelines. There is nothing to indicate that staff submitted false claims or that the hearing officer was biased in his decision. You were not allowed to read your statement in the hearing due to your behavior and refusal to obey orders. There is no reason to warrant overturning this case.

On December 17, 2012, relief was denied at Step 2 with findings that the disciplinary charge was appropriate for the offense, the guilty verdict was supported by a preponderance of the evidence, all due process requirements were satisfied, and the punishment assessed was within agency guidelines. On January 31, 2013, petitioner filed the instant habeas petition challenging both disciplinary

proceeding decisions.[2]

## II.
## PETITIONER'S ALLEGATIONS

Petitioner appears to contend his federal constitutional rights were violated during each of his disciplinary hearings as follows:

Case No. 20120316159:

1. Petitioner was held in pretrial detention beyond the 10-day time period allowed by prison administrative rules;

2. Petitioner was advised by the warden, prior to his disciplinary hearing, that he would be losing his line class;

3. Petitioner was denied a fair and impartial decision maker;

4. Petitioner was not notified to attend the hearing, which was conducted in his absence;

5. Petitioner was denied his right to be heard or to submit a written statement;

6. The Hearing Officer (HO) submitted multiple false written statements into the hearing record regarding petitioner's reason for not attending the hearing and the reason for the hearing not taking place within the 7-day established time limit; and

7. Petitioner's hearing was not held within the 7-day established time limit, instead taking place twelve (12) business days (sixteen days total) after the date of the incident.

Case No. 20130018733:

1. Petitioner's hearing, conducted under a new case number, was not timely held;

2. Petitioner was detained beyond the maximum time allowed by law without a hearing or the warden's signature, and the change in the case number did not "erase" the violation of petitioner's due process and Eighth Amendment rights;

3. The HO exhibited bias and resentment toward petitioner as exhibited by the HO's previous act of using the epithet "punk" to describe petitioner and as a result of

---

[2] *See Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (a federal habeas petition is considered filed when the petitioner delivers it to prison officials for mailing).

      petitioner previously filing grievances against the HO for violations committed during the original hearing;

4. The HO became disruptive while petitioner was reading his written statement at the hearing, culminating in the HO dismissing petitioner from the hearing and using abusive and threatening language;

5. The HO denied petitioner's right to be heard by refusing to allow petitioner to finish reading his written statements during the hearing and refusing to accept petitioner's written statements from both hearings as evidence;

6. Petitioner was left in "G-4" custody without the physical separation of the classifications of inmates for six (6) days after the first disciplinary case, *i.e.*, Case No. 20120316159, was overturned, despite the fact that petitioner was classified as a "G-2" at the time;

7. TDCJ officials retaliated against petitioner by placing petitioner into "G-5" administrative segregation as transient status due to the pending case and not due to pending classification review, despite petitioner's status as a "G-2" at the time;

8. TDCJ officials retaliated against petitioner by giving petitioner an additional ninety days of phone restrictions, a restriction that was later repealed by the ombudsman office;

9. TDCJ officials retaliated against petitioner by sentencing him to "G-4" custody ("closed custody") status for six months; and

10. TDCJ officials retaliated against petitioner by reducing his line class despite the fact that the majority voted not to do so.

### III.
### NO. 2012031659

TDCJ records, including an explanatory affidavit, reflect petitioner's conviction in disciplinary case number 201231659, both the finding of guilt and the punishment imposed, was overturned. Petitioner has not demonstrated that he has standing to challenge this case. First, the case was overturned. Second, petitioner has not demonstrated this disciplinary case continues to generate collateral consequences. Consequently, this disciplinary proceeding does not present an actual case or controversy necessary for federal habeas corpus relief and any challenges to this case number should be dismissed as moot.

## IV.
## NO. 20130018733

### A. Loss of Privileges or Cell Restriction

To the extent petitioner challenges the loss of recreation and commissary privileges and cell restriction as a result of case number 20130018733, such punishments constitute changes in the conditions of confinement and do not pose an atypical or significant hardship beyond the ordinary incidents of prison life. *Sandin v. Conner,* 515 U.S. 472, 484, 115 S.Ct. 2293 (1995). Therefore, these punishments do not implicate the protections afforded by the Due Process Clause. Because the Due Process Clause is not implicated by the changes in the conditions of a petitioner's confinement with respect to the punishments assessed as a result of case number 20130018733, petitioner fails to allege a deprivation that entitles him to federal habeas relief.

### B. Unexhausted Claims

An inmate challenging a prison disciplinary conviction is required to exhaust his administrative remedies before filing a petition for writ of habeas corpus. *Lerma v. Estelle*, 585 F.2d 1297, 1299 (5th Cir. 1978); *Broussard v. Johnson,* 918 F.Supp. 1040, 1043 (E.D. Tex. 1996). To exhaust, petitioner was required to pursue TDCJ-CID's internal grievance procedures by presenting his claims in both steps or at least in step 2 of the two-step grievance procedure in a procedurally correct manner. Petitioner's claims of retaliation are unexhausted. Specifically, petitioner's allegations that prison officials retaliated against him by (1) wrongfully placing him in "G-5" administrative segregation, (2) restricting his phone usage for ninety days, (3) placing him in "G-4" custody status for six months, and (4) reducing his line class, are unexhausted since petitioner failed to properly present any of these retaliatory allegations in his Step One or Step Two

grievances.  Furthermore, petitioner's unexhausted claims are now procedurally barred as the time for filing grievances to this disciplinary case has long since passed.  Moreover, even if these claims were exhausted, the claims of retaliation are in the nature of civil rights violations rather than challenges to the disciplinary proceeding determination itself and are thus not cognizable in this habeas corpus proceeding.  Petitioner's grounds asserting retaliation should be denied.

### C. Violations of Prison Procedure

To the extent petitioner alleges violations of TDCJ procedure or regulations, namely the allegations of disciplinary hearings taking place outside of the established time limits, and of his housing in "G-4" custody despite being a "G-2," these claims are merely alleged violations of TDCJ procedure and are not cognizable on federal habeas review since they fail to state a valid claim on federal habeas review.  Regarding the timeliness of petitioner's hearing, there is no federal Due Process right to a prison disciplinary hearing within a certain time frame.  *See Wolff v. McDonnell,* 418 U.S. 539, 556, 94 S.Ct. 2963 (1974).  Regarding classification, inmates have no protected federal liberty interest in their custodial classifications.  *See Harper v. Showers,* 174 F.3d 716, 719 (5th Cir. 1999); *Moody v. Baker,* 857 F.2d 256, 257-58 (5th Cir. 1988); *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005); *Sandin*, 515 U.S. at 486.  Petitioner's claims of violations of prison procedure should be denied.

### D. Denial of an Impartial Hearing Officer

With regard to petitioner's remaining allegations that the Hearing Officer acted with resentment and bias, that he was unduly interruptive during the hearing, and that he wrongfully dismissed petitioner from the hearing, the record reflects petitioner's good time was taken in

compliance with due process.  First, all of petitioner's allegations of bias are wholly conclusory, self-serving, and without merit.  "Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition . . . unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value."  *See Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983).  Second, petitioner was afforded the protections provided by *Wolff* in that petitioner received 24-hour advance written notice of his disciplinary hearing, was provided with a written report of the disciplinary hearing, and was informed of his right to call and question witnesses and present documentary evidence at the hearing as shown by petitioner's own confirmation in writing and orally during the hearing.  Further, inmates are not afforded the absolute right to attend disciplinary hearings, *Moody v. Miller*, 864 F.2d 1178, 1180-81 (5th Cir. 1989), and *Wolff* establishes that prison officials have broad discretion in deciding whether an inmate may present witnesses at a disciplinary hearing.  Prison officials may limit the number of witnesses at a disciplinary hearing or deny inmate requests to call witnesses without explanation to the inmate.  *Houser v. Dretke*, 395 F.3d 560, 562 (5th Cir. 2004).  The audio recording of the disciplinary hearing indicates petitioner's refusal to properly address his charging officer and failure to acknowledge proper hearing protocol resulted in his dismissal from the hearing.  Nothing in the record indicates the HO was predisposed to find petitioner guilty or that his finding of guilt was based on less than constitutionally sufficient evidence.  *See Ross v. Estelle,* 694 F.2d at 1011 (5th Cir. 1983).  The record reflects ample evidence to support the hearing officer's finding of petitioner being guilty of the prison disciplinary offense of threatening an officer.  The charging officer's offense report state that petitioner "started to yell, turned around and took a step towards me with his hands coming within inches of my face."  An officer's identification of an

offender in her written report may constitute "some" or "any" evidence to support a disciplinary board's guilty finding. *Hudson v. Johnson,* 242 F.3d 534, 536 (5th Cir. 2001). Moreover, a witnessing officer testified at petitioner's disciplinary hearing and confirmed that petitioner came at the charging officer in a threatening and potentially harmful manner. Petitioner's claims should be denied.

## V.
## CLAIMS ARE MOOT

Recent inquiry to the Records Division of the Texas Department of Criminal Justice, Correctional Institutions Division, revealed petitioner discharged his 10-year holding sentence on January 22, 2016 and was released from state prison. Petitioner's last pleading in this case was filed January 2, 2014. Petitioner has not communicated with the Court in any manner with regard to this case since that date. Petitioner failed to advise the Court of his projected release, his actual release, or the discharge of his sentence, and has not provided the Court with a change of address.

Petitioner has fully served and discharged his sentence and is no longer in respondent's custody. The relief sought in petitioner's habeas application, *i.e.,* the reinstatement of the 30 days lost good time, placement in G-2 status general population, and reinstatement of Line 1 class status, cannot be granted. Since this Court cannot grant petitioner the relief he seeks in his habeas application, the petition is moot under the continuing case and controversy requirement and subject to immediate dismissal.

## VI.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by

petitioner GEORGE ALVIN JONES be DENIED.

VII.
INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this   12th   day of February 2016.


_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE


* **NOTICE OF RIGHT TO OBJECT** *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).